IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TAYLOR L. BENNETT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:15-CV-465-O |
| | § | |
| JODY R. UPTON, Warden, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Taylor L. Bennett, a federal prisoner confined at the Federal Medical Center-Carswell (FMC-Carswell) in Fort Worth, Texas, against Jody R. Upton, warden of FMC-Carswell, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of subject matter jurisdiction. No service has issued upon Respondent.

**I. BACKGROUND**

In January 2014 Petitioner pleaded guilty to one count of mail fraud; one count of access device fraud; one count of possession of 15 or more unauthorized access devices; and one count of possession of stolen mail in the United States District Court for the Eastern District of Missouri. J., *United States v. Bennett*, Criminal Docket No. 4:13-cr-00441-RWS-1, ECF No. 41. Petitioner is serving concurrent 48-month terms of imprisonment. *Id.* Petitioner did not directly appeal, but she filed a § 2255 motion challenging her convictions and sentences in the convicting court, which was denied on April 21, 2015. *Id.* ECF No. 19.

In this § 2241 petition, Petitioner raises three grounds asserting that she received ineffective

assistance of trial counsel and that her sentence(s) are excessive. Pet. 5-6, ECF No. 1.

Petitioner expressly states that this petition concerns her convictions and sentences. Pet. 2, ECF No. 1. She seeks "reversal/overturned/vacated sentence[(s)] or at least an evidentiary hearing." *Id.* at 7.

## II. DISCUSSION

Title 28 U.S.C. § 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government.[1] As a general rule, a federal prisoner who seeks to challenge collaterally the legality of a conviction or sentence must do so in a § 2255 motion to vacate, set aside, or correct sentence. *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005); *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Such claims may only be raised in a § 2241 petition if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001). In order to meet this burden, a petitioner must show that (1) the claim is based on a retroactively applicable Supreme Court decision, (2) the claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that he may have been convicted of a nonexistent offense. *Garland v.* Roy, 615 F.3d 391,

---

[1] Section 2243, governing applications for writ of habeas corpus, provides:

> A Court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

2

394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Although Petitioner does not raise a savings-clause argument, it is clear that she cannot meet the three requirements from the face of the petition. Petitioner cites no retroactively applicable Supreme Court decision(s) that would arguably decriminalize her offense(s) nor were her claims foreclosed at the time of her trial or first § 2255 motion. Having had adequate and effective opportunities to assert the instant claims earlier, Petitioner may not proceed to raise them under this Court's § 2241 jurisdiction. A § 2241 petition is not an alternative to the relief afforded by motion in the convicting court under § 2255. *Pack v. Yusuff,* 218 F.3d 448, 452 (5th Cir. 2000) (quoting *Williams v. United States,* 323 F.2d 672, 673 (10th Cir. 1963)). Precedent "regarding § 2255's savings clause makes clear that § 2241 is not a mere substitute for § 2255 and that the inadequacy or inefficacy requirement is stringent." *Reyes-Requena,* 243 F.3d at 901. One may not utilize § 2241 merely to avoid procedural hurdles presented under § 2255, such as the restriction on filing second or successive motions to vacate. *Pack*, 218 F.3d at 453 (holding that neither a limitations bar nor successiveness make § 2255 ineffective or inadequate); *Tolliver,* 211 F.3d at 878 (holding that successiveness does not make § 2255 ineffective or inadequate). Thus, the fact that procedural barriers may prevent Petitioner from filing a future § 2255 motion does not render § 2255 inadequate or ineffecticve.

The Court is without jurisdiction to consider the petition. *See Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003). Because Petitioner's claims do not fall within the savings clause of § 2255(e), they are not cognizable in a § 2241 petition.

### III. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant

3

to 28 U.S.C. § 2241 is **DISMISSED** for lack of subject matter jurisdiction. A certificate of appealability is denied.

    **SO ORDERED** on this 8th day of July, 2015.

                                      _____
                                      Reed O'Connor
                                      **UNITED STATES DISTRICT JUDGE**